**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

MALCOLM F. PIGG                                                    PLAINTIFF

V.                                              CASE NO. 3:14-CV-00571-CWR-FKB

BROWN BOTTLING GROUP, INC.                                        DEFENDANT


<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on defendant's motion for summary judgment. Docket No. 23. The plaintiff responded to the motion, Docket No. 28, and defendant filed a reply, Docket No. 30. After considering the parties' briefs and applicable law, the Court finds that defendant's motion is well-taken and hereby granted.

## I.    Factual and Procedural History

Plaintiff was an employee of the defendant, Brown Bottling Group, Inc., from September 1991 until he was terminated in February 2013. For the last ten years, he was employed as a special events coordinator. On February 14, 2013, plaintiff received a call from Bobby Kersh, one of defendant's technicians. Kersh was at Shiloh Park in Rankin County to connect syrup to the soda machine. He contacted plaintiff because the syrup was out of date and wanted guidance as to how to proceed. Plaintiff instructed Kersh to hook up the syrup if that is what the customer wanted. Kersh reported the incident to the sales manager, Jim Wilson, who told Kersh that he would address it.

On February 15, plaintiff met with Wilson and William Penn, the safety director, to discuss the previous day's incident. At the outset of the meeting, plaintiff requested that a

member of management other than Penn be present because of past friction between the two.[1] Wilson did not substitute Penn for another member of the management team and plaintiff further protested. Wilson told plaintiff that hooking up out-of-date syrup violated company policy. Plaintiff admitted that he was aware it was against company policy. Plaintiff left Wilson's office, but Wilson followed him into the warehouse and continued the conversation. Wilson completed a Team Member Counseling Report detailing plaintiff's conduct. According to the report, plaintiff's actions were classified as insubordination and violations of defendant's work quality and customer service policies. Docket No. 23-9. Plaintiff was suspended for three days without pay. Plaintiff had planned vacation time and understood the suspension would commence following his vacation.

On February 25, 2013, Ricky Rayburn, the director of human resources at the time, called plaintiff and asked him to meet at a local restaurant to speak about the incident. At that meeting, Rayburn told plaintiff that defendant was terminating him and asked him to sign paperwork. Plaintiff refused to sign the paperwork and left.

On May 1, 2013, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) stating that he was terminated because of his age and disability. The EEOC issued a Right to Sue letter on April 25, 2014 and plaintiff filed the instant action against defendant.[2] Defendant filed for summary judgment and argues that plaintiff cannot establish a viable claim for any of the counts in the complaint.

---

[1] Plaintiff's complaint alleges specific incidents between him and Penn that resulted in a poor working relationship. Docket No. 1, ¶¶ 6-9.

[2] In his Complaint, he also brought claims under the American with Disabilities Act (ADA), Family Medical Leave Act (FMLA), and the Fair Labor Standards Act (FLSA). Plaintiff, however, concedes those claims, which leaves the Court with the duty to address the one remaining claim.

## II.     Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations and quotation marks omitted).

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

## III.     Discussion

In order to show age discrimination, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Moss v. BMC Software*, 610 F.3d 917, 922 (5th Cir. 2010) (external citation omitted). To establish a prima facie case of age discrimination, a plaintiff must show: (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class when he was discharged; and (4) he was replaced by someone outside of the protected class, substantially younger, or otherwise discharged due to his age. *Jackson v. Cal-Western Packaging Corp.*, 602 F. 3d 374, 378 (5th Cir. 2010). If the plaintiff sets forth a prima

facie case, the burden shifts to the defendant to offer a non-discriminatory, legitimate reason for the employment action. *Moss*, 610 F.3d at 922. If the defendant provides a non-discriminatory explanation, then the plaintiff  must rebut the defendant's explanation and demonstrate that the offered reason is purely pretextual.[3] *Id.*

In this case, there is no disagreement that plaintiff can establish the first element of the prima facie case because he was in fact discharged from his job as the special events coordinator at Brown Bottling Group in February 2013. Thus, the first element is met.

Defendant contends that plaintiff cannot establish the second element of the prima facie case—that plaintiff was qualified for the position. However, defendant offers no specific reason to support this assertion. Plaintiff had been an employee of the defendant for approximately 22 years and worked as the special events coordinator for the last ten years of his employment. Regardless of the incident in February that led to plaintiff's termination, there is nothing in the record that suggests plaintiff was not qualified for his position. Thus, this element is satisfied.

Also, because plaintiff was fifty-seven years of age at the time of his discharge, the parties agree that he is within the protected class. Thus, the third element is met.

Next, Defendant asserts that plaintiff's case fails because he cannot establish the fourth element of the prima facie case. The fourth element requires the plaintiff to show that he was replaced by someone outside of the protected class, replaced by someone substantially younger, or otherwise discharged because of his age. Defendant argues that plaintiff was not replaced by

---

[3] Plaintiff's brief incorrectly states that a plaintiff can survive summary judgment by showing that even if the defendant's legitimate, non-discriminatory is true, the defendant was motivated by plaintiff's protected class membership. Docket No. 29, at 2. In support of this contention, plaintiff cites to *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004), which did hold that a mixed motives alternative was available in age discrimination cases. However, in 2009, the Supreme Court held that the ADEA did not authorize a mixed-motives analysis. *Gross v. FBL Financial Servs.*, 557 U.S. 167, 175 (2009). Thus, to prevail on an age discrimination claim, a plaintiff must show that his age was the but for cause of the termination. *Id.* at 180. The Fifth Circuit noted the holding in *Gross* in *Hoffman v. Baylor Health Care Sys.*, 597 F. App'x 231, 235 n.12 (5th Cir. 2015).

someone outside of the protected class or someone substantially younger. In support of this argument, defendant cites to cases where courts have held that an employee has not been replaced when his job responsibilities are assumed by existing employees. Docket No. 24, at 4 n.2. When the plaintiff's responsibilities are divided among existing employees after his discharge, "those employees do not 'replace' the terminated employee in the context of a prima facie case of discrimination." *Blakely v. First Mississippi Fed. Credit Union*, No. 4:05-cv-103, 2006 WL 2243203, at *5 (S.D. Miss. Aug. 4, 2006) (external citations omitted). Here, defendant did not hire anyone to replace plaintiff; instead, existing employees assumed his responsibilities. *See* Docket Nos. 23-2, ¶ 8; 23-3, ¶ 7; and 23-5, ¶¶ 2–3. Plaintiff offered no rebuttal to defendant's contention that he was not replaced.

Because plaintiff was not replaced, he must offer some evidence that he was otherwise discharged because of his age to satisfy this element. In his response brief, plaintiff states he can satisfy this burden because "other substantially younger employees were not also terminated for giving customers out of date product." Docket No. 29, at 4. However, the only evidence submitted to support this argument is an affidavit from the plaintiff stating that Kevin Everitt, one of defendant's employees, told him that five other employees hooked up out of date product and were not fired. Docket No. 28-1, ¶ 13. The affidavit lists the other employees' names and that four of the other employees were under the age of forty, and the fifth employee was over the age of forty, but more than ten years younger than the plaintiff. *Id.* ¶ 14. It does not offer any other information regarding the other employees or Everitt's position with defendant.

The Court can only consider an affidavit if it is "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed.R.Civ.P. 56(c)(4). The district court cannot consider hearsay

evidence contained in affidavits. *See Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987). Plaintiff asserts facts—that other younger employees were not terminated for hooking up out of date product—for which he has no personal knowledge. Further, there is no information regarding Everitt's position with defendant and the basis of his knowledge that these other employees were not terminated for similar conduct. Defendant argues and the Court agrees that plaintiff's affidavit is inadmissible hearsay. Plaintiff's affidavit fails to meet any of the hearsay exceptions; thus, it cannot be considered as evidence to rebut defendant's motion. *See Benoit v. Bates*, No. 1:08-cv-391, 2010 WL 4637672, at *3 (S.D. Miss. Nov 8, 2010) (inadmissible hearsay cannot be used to create a genuine issue of material fact).

Plaintiff bears the responsibility of proving the elements of his age discrimination claim and must submit admissible evidence that raises a question of material fact to avoid summary judgment. He did not reference or submit any other evidence that supports his claim that defendant discharged him because of his age. In fact, plaintiff even admits that he knowingly violated defendant's policy by directing the technician to hook up out of date product. Docket No. 29, at 2. Without plaintiff's affidavit, there is no evidence before this Court that shows plaintiff was treated differently than younger, similarly-situated employees or that defendant otherwise discriminated against him on the basis of age. Therefore, plaintiff fails to establish the fourth element and has not demonstrated a prima facie case of age discrimination. Since plaintiff failed to establish a prima facie case, the burden does not shift to the defendant and the Court's analysis is completed.

## IV.    Conclusion

Accordingly, defendant's motion for summary judgment is granted. A Final Judgment in accordance with this Order will be entered on this day.

**SO ORDERED**, this the 4th day of December, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE